UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
 **Plaintiff**

v.                                                                   Case Number 8:04cr481

                                                                      USM Number 19830-047

**LEOPOLDO CRUZ-MONTIEL**
 **Defendant**

                                                                      Jessica L. Milburn

                                                                      Defendant's Attorney

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to count 1 of the Indictment on January 21, 2005.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 8:1326(a) & (b) REENTRY OF DEPORTED ALIENS | October 19, 2004 | I |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                                                      Date of Imposition of Sentence:
                                                                      April 11, 2005


                                                                      s/Thomas M. Shanahan
                                                                       Senior United States District Judge

                                                                      April 19, 2005

Defendant: LEOPOLDO CRUZ-MONTIEL　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2 of 7
Case Number: 8:04cr481

## ADJUDICATION

　　　　On January 21, 2005, Magistrate Judge Thomas D. Thalken conducted a change of plea hearing pursuant to Fed. R. Crim. P. 11, wherein the defendant entered a plea of "Guilty" to count I of the Indictment.  No one objected to the proceedings before Magistrate Judge Thalken concerning entry of the defendant's guilty plea.  Following the change of plea hearing, Magistrate Judge Thalken submitted a Report and Recommendation recommending that this court accept the defendant's plea of guilty and review the defendant's plea agreement at the time of sentencing.

　　　　Based on the record in this case, and after an independent examination of all the proceedings in this case, including the transcript of the hearing held before the magistrate judge concerning the defendant's plea of guilty, and in view of the presentence report on the defendant, the court specifically finds and expressly concludes the following:

　　　　The Court finds that Leopoldo Cruz-Montiel is competent to plead and understands the nature of the charge in this case and further understands the possible penalties which may be imposed on conviction of the offense charged.

　　　　The Court finds that Leopoldo Cruz-Montiel fully understands his rights, including the <u>right to plead not guilty</u> and to persist in that plea of not guilty; the <u>right to be tried by a jury</u>; the <u>right to have the assistance of counsel</u> at trial; the <u>right to confront and cross-examine witnesses</u>; and the <u>right not to be compelled to testify</u> against himself.

　　　　The Court finds that the defendant voluntarily, knowingly and intelligently waives his rights; that the defendant fully understands the consequences of waiving his rights; and that the plea of guilty is supported by an independent basis in fact concerning each essential element of the offense(s) charged.

　　　　Further, the Court finds that the defendant understands that, as a consequence of his guilty plea, there will be no trial of any kind concerning the charge(s) against the defendant .  The Court also finds that the defendant understands that the answers to questions in these proceedings may be used against him if there is a later prosecution for perjury or any false statement relative to this hearing.

　　　　Therefore, the court accepts the guilty plea of Leopoldo Cruz-Montiel and now adjudges that Leopoldo Cruz-Montiel, is guilty of the offense(s) charged in Count I of the Indictment.

Defendant: LEOPOLDO CRUZ-MONTIEL  
Case Number: 8:04cr481  
Page 3 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **twelve (12) months and one (1) day**.

The Court makes the following recommendations to the Bureau of Prisons:

1. **That the defendant be incarcerated in a federal facility in Texas, as close to the Mexican Border as possible, in order to be near his family.**

2. **Defendant shall be given credit for time served.**

The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____  
                                                                         Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment.

_____  
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, _____

_____  
UNITED STATES WARDEN

By:_____

Defendant: LEOPOLDO CRUZ-MONTIEL                                                                 Page 4 of 7
Case Number: 8:04cr481

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **two (2) years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent

Defendant: LEOPOLDO CRUZ-MONTIEL  Page 5 of 7
Case Number: 8:04cr481

      of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: LEOPOLDO CRUZ-MONTIEL  
Case Number: 8:04cr481

Page 6 of 7

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to the Public Law 108-405 (Revised DNA Collection Requirements Under the Justice for All Act of 2004), if such sample was not collected during imprisonment.

2. If not deported, the defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the probation officer to determine the presence of alcohol and/or controlled substances, firearms or any other contraband. Any such items found may be seized by the probation officer. This condition may be invoked with or without the cooperation of law enforcement officers.

3. The defendant shall comply with all rules and regulations of the Bureau of Immigration Customs Enforcement and, if deported, shall not reenter the United States or reside therein without the express, written permission of the Secretary of the United States Department of Homeland Security.

4. The requirement of 18 U.S.C. § 3583 (d) regarding drug testing within fifteen (15) days of release on supervised release and to at least two (2) periodic drug tests thereafter, is suspended until further order of the Court because it appears the defendant will be deported.

5. The defendant shall report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th Plaza, Suite C79, Omaha, Nebraska, (402) 661-7555, within seventy-two (72) hours of release from confinement or return to the United States and, thereafter, as directed by the probation officer.

Defendant: LEOPOLDO CRUZ-MONTIEL  
Case Number: 8:04cr481

Page 7 of 7

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| Remitted | | |

On motion of the government, the Special Assessment is remitted.

## FINE

No fine imposed.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk